UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAINA LIGONDE, | Index No. 20-CV-03680-AMD-CPL |
| Plaintiff | A jury trial is demanded |
| -against- | |
| MARRIOTT HOTEL SERVICES, INC. | |
| MARRIOT HOTEL DESK CLERK "JOHN JONES," TO BE IDENTIFIED; | **AMENDED VERIFIED COMPLAINT** |
| NYU LANGONE HOSPITAL AMBULANCE SERVICE; | |
| NYU LANGONE AMBULANCE PERSONNEL "JOHN DOE" AND "MARY ROE," TO BE IDENTIFIED; | |
| NYPD OFFICER F/N/U VAZQUEZ, SHIELD 6601; | |
| CITY OF NEW YORK, | |
| Defendants | |

Plaintiff TAINA LIGONDE, by her attorney, George Wachtel, Esq., hereby brings this action to redress her constitutional and legal rights, and alleges as follows:

### STATEMENT OF THE ACTION

1. On June 30, 2019, at approximately 2 to 3am, in the lobby of defendant Marriott Hotel, defendant Marriott Hotel employee falsely caused plaintiff to be arrested by NYU Langone ambulance personnel. NYPD Officer Vasquez was reportedly present but she or he did not interact in any way with plaintiff. The effective arrest was made by the ambulance personnel, who, without legal authority and power to perform arrests and without reasonable cause, handcuffed plaintiff and transported her to a hospital against

1

her will. They did so with excessive force, causing her pain and injury. Plaintiff, who is black, alleges on information and belief that she was mistreated by the ambulance personnel, both of whom were white, because of racial animus.

## JURISDICTION, VENUE

2. Jurisdiction and venue are proper because the events complained of occurred in Kings County, New York. Damages claimed exceed $25,000.

## PARTIES

3. Plaintiff was at all times relevant a citizen of the State of New York and a resident of Kings County. She holds an MA in public affairs and administration, and is employed by a N.Y.C. agency as a social worker.

4. Defendant Marriott Hotel is, on information and belief, a member of the Marriott International Hotel chain and is subject to legal action in New York.

5. Defendant "John Jones" is on information and belief an employee of the Marriott Hotel who at 2 to 3AM on June 30, 2019 functioned as a desk clerk in the Marriott Hotel lobby.

6. Defendant NYU Langone Hospital Ambulance Service is, on information and belief, a non-governmental private ambulance service that on June 30, 2019 between 2 and 3am, transported plaintiff to a hospital.

7. Defendants "John Doe" and "Mary Roe" are, on information and belief, employees of defendant NYU Langone Hospital Ambulance Service.

8. Defendant NYPD Officer Vazquez is an employee and agent of the New York City Police Department. On information and belief she or he was at all times relevant operating in her or his capacity as such.

2

9. Defendant City of New York is a municipal corporation. It retains responsibility for the employment, training, and conduct of its police officers.

## NOTICE

10. A Notice of Claim pursuant to General Municipal Law §50-e was filed with the City of New York on August 19, 2019 and assigned claim number 2019PI023051. A hearing pursuant to GML §50-h was held on February 21, 2020.

11. Plaintiff's attorney informed defendant Marriott Hotel by letter dated August 8, 2019 that an action at law based on facts recited in the letter was contemplated and demanded that all applicable evidence be preserved.

## FACTS

12. On June 29, 2019, plaintiff attended an after-wedding gathering in Williamsburg, Brooklyn.

13. At approximately 2 AM she accompanied a college friend, from Dallas, Texas, who had attended the wedding, to defendant Marriott Hotel, where he was staying with his aunt and daughter.

14. She was not intoxicated or impaired in any way.

15. On arrival at the Marriott lobby she asked her friend to hold her handbag while she went to the restroom. He did so.

16. When she left the restroom her friend was nowhere to be seen.

17. She called out his name. There was no response.

18. She approached defendant desk clerk and asked whether he had seen where her friend went. The desk clerk said he had not.

19. She asked the clerk to telephone her friend. The clerk refused.

3

20. She explained the circumstances; the clerk still refused.

21. She insisted, saying that her friend had her bag with her wallet and cell phone so that she had no way to telephone him and no money to pay for a cab home.

22. Her tone was polite but urgent. She did not raise her voice unduly nor was she confrontational or abusive.

23. The clerk warned that if she continued he would call for assistance.

24. Thinking that he would call a manager who might be able to help she told him to go ahead.

25. The clerk got on the phone. Plaintiff stepped back into the main lobby to wait.

26. In less than five minutes, a man and a woman, both in blue EMS-appearing uniforms and wearing badges, entered the lobby.

27. She did not see or notice a uniformed NYPD officer, nor did an officer interact with her in any way.

28. On information provided by the attorneys for defendant Marriott on September 16, 2020, the NYPD officer allegedly involved was Officer Vasquez (first name and gender unknown at this time), shield 6601, while the ambulance attendants, here provisionally identified as "John Doe" and "Mary Roe," were associated with NYU Langone Hospital, in Brooklyn.

29. The ambulance attendants approached plaintiff and snapped handcuffs on her wrists.

30. They offered no explanations, asked no questions, did not identify themselves, said nothing.

4

31. Each grasping an arm they physically dragged plaintiff through the lobby on her heels.

32. She asked what they were doing and why. When they failed to respond she said she was able and willing to walk. They ignored her protestations and continued dragging.

33. A woman bystander in the lobby tried to intervene, saying that they were clearly hurting plaintiff. She was told to mind her own business.

34. Once outside the ambulance attendants physically slammed plaintiff backwards onto the floor of what appeared to be an ambulance, then picked her up and put her in a seat.

35. At all times during their encounter with plaintiff, defendants Roe and Doe by their appearance and conduct led plaintiff to believe they were official New York City EMS personnel.

36. On information and belief the ambulance was dispatched directly by Defendant NYU Langone Hospital Ambulance Service and not by FDNY as an auxiliary to its public ambulance service.

37. On information belief, defendants Roe and Doe were not peace officers and had no statutory authority to arrest plaintiff or to transport her against her will.

38. If NYPD officer Vazquez instigated plaintiff's arrest and detention he or she did so without cause or justification and without interacting with her. On information and belief, he or she failed to follow any established procedure or protocol for arrest.

5

39. The ambulance began to drive. Plaintiff tried unsuccessfully to find out what was happening. She also told the female defendant that the handcuffs were painfully tight.

40. The female attendant told her in substance that they could do this the easy way or the hard way, and that right now they were doing it the easy way. The handcuffs were not adjusted and no further conversation ensued.

41. The ambulance came to a stop. Plaintiff was led by the attendants to a chair in the emergency room of the Brooklyn Hospital Center on DeKalb Avenue. The female attendant released one of her handcuffs and used it to fasten her to the chair. The attendants then left the area.

42. The female attendant returned after a few minutes, removed both handcuffs, and left.

43. A triage nurse interviewed plaintiff and wrote notes in the hospital record, a copy of which is in plaintiff's possession.

44. The record indicates, *inter alia*, as follows:

   a. <u>Chief complaint: ECTOH abuse</u>. On information and belief this allegation came from the ambulance attendant. Plaintiff was not intoxicated. The record contains no confirmatory observation. Plaintiff's vital signs were all normal, as was her behavior, risk of fall, and harm-to-self-or-others assessments. No blood, urine, or breath test was administered. Plaintiff was released immediately after the triage assessment.

      b. <u>Accompanied on arrival</u> by: <u>spouse</u>.  On information and belief this misleading allegation came from the ambulance attendants.

      c. <u>Arrival from: home</u>. On information and belief this misleading allegation came from the ambulance attendants.

45.    While the record indicates that plaintiff arrived in an ambulance, the ambulance provider is not identified, nor are the ambulance attendants. On information and belief such identification is normally included in ER records.

46.    On information and belief, the false allegations made to the hospital by the attendants as well as their failure to identify their employer and themselves suggest an effort to  conceal their and the Marriott hotel's responsibility for plaintiff's mistreatment.

47.    Immediately after the triage assessment, plaintiff borrowed a telephone to call her mother, and left soon thereafter.

48.    She suffered pain and bruising on her buttocks and upper arms, as well as pain and numbness in her wrists. She sought treatment immediately and remains in treatment for the wrist numbness, which has not resolved as of the date of this complaint.

49.    She also suffered emotional distress and profound humiliation, prompting her to enter therapy, which is continuing.

50.    Plaintiff is black. The ambulance attendants are both white. Plaintiff alleges that her mistreatment was due to racial bias.

## CAUSES OF ACTION

### I.   FALSE ARREST; CONSPIRACY TO COMMIT FALSE ARREST

51. Plaintiff was handcuffed and detained against her will. There was no reasonable cause to do so. She had committed no crime and was clearly no threat to herself or others. If NYPD Officer Vazquez instigated the arrest, she or he did so without basis or cause. On information and belief, the desk clerk knew that calling the police or ambulance would result in plaintiff's arrest. He thus conspired in plaintiff's false arrest.

### II.   KIDNAPPING AND FALSE IMPRISONMENT

52. Defendants Roe and Doe removed plaintiff from the hotel to the hospital without her consent and without the legal authority to do so absent such consent. She was detained against her will, was not permitted to leave, and the detention was not otherwise privileged.

### III.   VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS

53. Through their behavior, their use of handcuffs, their badges and uniforms, and their exercise of apparent authority, defendants Roe and Doe held themselves out as government officers. Their arrest and imprisonment of plaintiff as well as their use of excessive force against her were conducted under color of law, in violation of her civil rights under USC 42 §§ 1983 and 1985(3).  If NYPD officer Vazquez instigated the arrest she or he violated plaintiff's 4th amendment rights.

### IV.   ASSAULT AND BATTERY

54. Defendants Roe and Doe battered plaintiff, causing physical and emotional injury requiring continuing medical treatment. They threatened plaintiff with physical harm, causing emotional distress that remains ongoing.

## V. LIABILITY OF DEFENDANTS FOR PLAINTIFF'S INJURIES AND DAMAGES

55. Marriott Hotel, NYU Langone Hospital Ambulance Service, and the City of New York are liable for damages under state law pursuant to *Respondeat Superior.* They are liable under federal law because their defendant employees conducted themselves at all times relevant pursuant to policies and practices the defendant organizations promulgated and encouraged.

## RELIEF REQUESTED

A. <u>Injunctive relief</u> in that the Court should order defendants Marriott Hotel, NYU Langone Hospital Ambulance Service, and the NYPD to address and control their institutional and staff racial bias.

B. <u>Compensatory damages</u>.

C. <u>Punitive damages.</u>  Defendants' assault and battery of plaintiff's as well as her legally unauthorized and unwarranted arrest and imprisonment reflect elements of a hate crime.

D. <u>Legal fees and costs</u> for constitutional violations and conduct arising out of racial bias.

E. Such other relief as the Court may deem appropriate.

9

State of New York, County of New York
Signed originally June 16, 2020;
Signed as amended Sept. 16, 2020

Respectfully submitted,

George Wachtel, Esq.
24 Bond Street
New York, NY 10012
*For Plaintiff Taina Ligonde*

State of New York    :
                     :ss.:
County of Kings      :

VERIFICATION

TAINA LIGONDE, being duly sworn, deposes and says as follows: I am the plaintiff herein. I have read the above complaint and it is true, except for the portions marked "on information and belief," and as to those I believe them to be true.

Taina Ligonde
Dated: 6/16/20; as amended 9/16/2020

AKNOWLEDGEMENT:

Before me this   16th   day of Sept, 2020, appeared Taina Ligonde, known to me, who signed the above verification in my presence and swore that it was true.

GEORGE WACHTEL
Notary Public, State of New York
No. 02WA6029976
Qualified in New York County
Commission Expires August 30, 2006 21

10